UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PER G. WESTERDAL, et al.,<br><br>                Plaintiffs,<br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                Defendants. | CASE NO. C24-1050JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiffs Per G. Westerdal and Melody Westerdal's (together, "Plaintiffs") motion to remand this action to King County Superior Court. (Mot. (Dkt. # 11); Reply (Dkt. # 19).) Defendant Safeco Insurance Company of America ("Safeco") opposes the motion. (Resp. (Dkt. # 15).) The court has considered the motion, the

//

//

ORDER - 1

1  parties' submissions, the relevant portions of the record, and the governing law.  Being
2  fully advised,[1] the court DENIES Plaintiffs' motion to remand.

## II.  BACKGROUND

This action arises out of a dispute over insurance coverage for losses caused by water damage to Plaintiffs' home in King County, Washington.  (*See generally* Compl. (Dkt. # 1-1); *see also* Mot. at 2.)  Plaintiffs submitted their insurance claim to Safeco on or about October 15, 2023.  (*See* Adams Decl. (Dkt. # 17) ¶ 2, Ex. 1 (claim log) at 13-14.)  Safeco initially assigned Plaintiffs' file to claim adjuster Kaeli Curry.  (*Id.* at 8.)  On October 25, 2023, Plaintiffs' repair contractor, Robinson Restoration ("Robinson"), sent Safeco an opinion regarding the cause of Plaintiffs' loss, along with an estimated price range for repairs of "25-50K."  (Wathen Decl. (Dkt. # 12) ¶ 3, Ex. B.)  On October 26, 2023, Plaintiffs' counsel sent notice under Washington's Insurance Fair Coverage Act ("IFCA") to Ms. Curry and Safeco.  (Adams Decl. ¶ 3, Ex. 2.)  That same day, Ms. Curry transferred the claim to Garvey Walker, who notified Plaintiffs' counsel on October 27, 2023, that he was the Claims Representative assigned to Plaintiffs' claim.  (*Id.*, Ex. 1 at 5; *id.* ¶ 4, Ex. 3 (letter from Mr. Walker); *see also id.* ¶ 5, Ex. 4 (Plaintiffs' counsel's response to Mr. Garvey's letter).)

Plaintiffs filed this action on December 11, 2023, in King County Superior Court. (*See* Compl. at 4.)  They bring claims against Safeco for breach of contract, violation of the Washington Consumer Protection Act, insurance bad faith, and violation of the IFCA.

---

[1] Neither party requests oral argument and the court concludes that oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

(*Id.* ¶¶ 3.1-6.5.)  The complaint does not include an estimate of Plaintiffs' damages.  (*See generally id.*)

The complaint was served on Safeco's registered agent on December 21, 2023.  (Aragon Decl. (Dkt. # 2) ¶ 2, Ex. 2.)  On January 25, 2024, Safeco served Plaintiffs a request for admission asking Plaintiffs to "[a]dmit that you are not seeking damages in excess of $75,000 in this lawsuit, exclusive of interest and costs and fees."  (Adams Decl. Ex. 5.)  On February 16, 2024, Plaintiffs responded:

> Plaintiffs have not yet determined the amount they are claiming.  The amount in controversy will be determined following discovery.  In particular, the amount in controversy will be determined following discovery of defendant's claims file and depositions of the claims handling and decision-making persons representing the defendant.  As a result, plaintiffs can neither admit nor deny at this early juncture of discovery.

(*Id.*)

On May 10, 2024, Robinson emailed a repair bid to Ms. Curry.  (*See* Wathen Decl. ¶ 5, Ex. C.)  Ms. Curry, however, had left Safeco in February 2024, after which Safeco deactivated her email account.  (Morrison Decl. (Dkt. # 16) ¶¶ 2-3.)  As a result, Ms. Curry's email inbox could not receive new email messages.  (*Id.* ¶¶ 3-6 (noting that an email message sent to a terminated employee "is not viewable by anyone, including any forensic recovery effort" and would result in an automated reply to the sender stating that the email could not be delivered).)  When a Robinson employee followed up by telephone to discuss the bid, the call was taken by a Safeco customer service representative, who noted that Robinson requested a call back.  (Adams Decl. Ex. 1 at 1.)  Safeco asserts that it tried to return Robinson's call but was unable to leave a message

because Robinson's representative's voicemail was full.  (*Id.*)  Safeco eventually contacted Robinson, which emailed the bid to Safeco on July 9, 2024.  (*See* Aragon Decl. ¶ 3, Ex. 3 ("Estimate") at 1-3[2] (email thread showing that the estimate was sent to the insurer on July 9, 2024).)

Safeco, a New Hampshire corporation with its headquarters in Massachusetts, removed the action to this court on July 15, 2024, on the basis of diversity subject matter jurisdiction.  (Not. of Removal (Dkt. # 1) at 3.)  Safeco asserts that removal is timely based on its receipt of Robinson's $89,087.30 repair estimate on July 9, 2024.  (*Id.* at 3-4; *see* Estimate at 1-3.)

Plaintiffs moved to remand on August 13, 2024, arguing that Safeco did not timely file its notice of removal within 30 days of receiving a pleading, motion, or other paper from which it could first be ascertained that the amount in controversy exceeded $75,000, as required by the removal statute.  (Mot. 1 (citing 28 U.S.C. § 1446(b)(3)).)  Plaintiffs assert that Safeco's own file establishes that Safeco knew by no later than October 25, 2023, that the estimated price range for their loss was "25-50K."  (Mot. at 3-4.)  They further contend that the amount in controversy was ascertainable by no later than May 10, 2024, based on Robinson's email to Ms. Curry.  (*Id.* at 4.)  Safeco filed a timely response, and Plaintiffs filed a timely reply.  (*See* Resp.; Reply.)

---

[2] The court refers to the page numbers in the CM/ECF header when citing the Estimate.

ORDER - 4

### III. ANALYSIS

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a)(1). District courts have original jurisdiction on the basis of diversity "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)); (*see* Not. of Removal at 3 (asserting diversity subject matter jurisdiction as the basis for removal)). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Gaus*, 980 F.2d at 566-67.

The procedure for removing an action is governed by 28 U.S.C. § 1446, which sets two key deadlines that affect removability. First, when a case "stated by the initial pleading is removable on its face," § 1446(b)(1) gives a defendant 30 days from service of that pleading to file notice of removal. *Harris*, 425 F.3d at 694; *see also* 28 U.S.C. § 1446(b)(1). Section 1446(b)(1)'s 30-day deadline is triggered only if the basis for removal "is ascertainable from 'examination of the four corners of the applicable

Case 2:24-cv-01050-JLR

pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris*, 425 F.3d at 694). Second, if the case is not removable based on the initial pleading but the defendant later receives, "through service or otherwise . . . a copy of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," § 1446(b)(3) gives the defendant 30 days from receipt of that document to file a notice of removal. *Id.* at 885-86 (quoting 28 U.S.C. § 1446(b)(3)). In this context, the "pleading, motion, order, or other paper" must make the ground for removal "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090-91 (9th Cir. 2021). If neither of these 30-day deadlines have been triggered, the defendant may remove the case at any time when it discovers, based on its own investigation, that the case is removable. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

      Here, Plaintiffs assert that the 30-day removal period under § 1446(b)(3) was triggered either by Robinson's October 25, 2023 opinion email—which Safeco had in its possession before Plaintiffs filed suit—or Robinson's May 10, 2024 email forwarding its repair bid to Ms. Curry. (Mot. at 1, 3-5.) The October 25, 2023 email did not trigger a deadline for removal under § 1446(b)(3) because Safeco received it before Plaintiffs filed their complaint and Safeco had no duty to investigate whether it had documents in its possession that would establish the jurisdictional facts. *See Harris*, 425 F.3d at 696 (holding that defendant did not have a duty, upon receiving plaintiff's complaint, to investigate whether its file contained information that would have revealed that the case

was removable); *Carvalho*, 629 F.3d at 886 (holding that documents received before the receipt of the initial pleading cannot trigger § 1446(b)(3)'s removal window).

The court also concludes that Safeco has shown by a preponderance of the evidence that it did not "receive" Robinson's repair bid "through service or otherwise" on May 10, 2024. 28 U.S.C. § 1446(b)(3). Safeco's Director of e-Discovery explains that when a Safeco employee is terminated, their email account cannot receive new emails; email messages sent to the employee's address "bounce[] back" to the sender with an automated reply; and the email messages are not received by Safeco and cannot be viewed through forensic efforts. (Morrison Decl. ¶¶ 1-6.) Thus, because Ms. Curry's email account had been deactivated in February 2024, Safeco did not "receive" Robinson's May 10, 2024 email within the meaning of § 1446(b)(3). *Cf. Manley v. Walmart Inc.*, No. C23-05858TMC, 2023 WL 8271769, at *3 (W.D. Wash. Nov. 30, 2023) (observing that "[i]f [defendant] Walmart had submitted evidence showing either that it never received the demand letter . . . or that it received the demand letter before receiving [plaintiff's] complaint, it would prevail" on plaintiff's motion to remand).

Plaintiffs argue that RCW 48.185.005 establishes that an insurer is deemed to have received an email if the email was sent to the appropriate address. (Mot. at 4-5.) The court agrees with Safeco, however, that the statute governs notices and documents sent from an insurer to an insured—it is silent about emails sent to an insurer by the insured or by a third party. (*See* Resp. at 7-9 (discussing RCW 48.185.005)); *see also* RCW 48.185.005(1)(b) ("'Party' means any recipient of any notice or document required as

part of an insurance transaction, including but not limited to an applicant, an insured, a policyholder, or an annuity contract holder.").

Finally, each party seeks an award of attorney's fees. (*See* Mot. at 5; Resp. at 9-10.) The court denies Plaintiffs' request for fees because the removal statute only authorizes such an award to a plaintiff who prevails on a motion to remand. 28 U.S.C. § 1447(c). The court also denies Safeco's request for fees under Federal Rule of Civil Procedure 11 because Safeco has not complied with the procedural requirements for filing a motion for sanctions under Rule 11(c)(2). *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (requiring a party moving for Rule 11 sanctions to comply with the rule's "safe harbor" provision, under which "any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court" (citing Fed. R. Civ. P. 11(c)(2))). Even if Safeco's motion were procedurally correct, the court would deny it because, in the court's view, Plaintiffs' legal errors were not so egregious as to warrant Rule 11 sanctions.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to remand (Dkt. # 11).

Dated this 17th day of September, 2024.

JAMES L. ROBART
United States District Judge