UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PER G. WESTERDAL, et al., | CASE NO. C24-1050JLR |
| Plaintiffs, | ORDER |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Plaintiffs Per G. Westerdal and Melody Westerdal's ("Plaintiffs") motion to compel discovery. (Mot. (Dkt. # 30); Reply (Dkt. # 34).) Defendant Safeco Insurance Company of America ("Safeco") opposes Plaintiffs' motion. (Resp. (Dkt. # 32).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES in part and DENIES AS MOOT in part Plaintiffs' motion to compel discovery.

ORDER - 1

## II. BACKGROUND

This matter arises out of a dispute over insurance coverage for losses caused by water damage to Plaintiffs' home in King County, Washington. (*See generally* Compl. (Dkt. # 1-1).) Plaintiffs allege that on October 15, 2023, they learned that a hot water line had broken at their home, causing damage. (*See* Mot. at 2.) They immediately reported the claim to Safeco. (*See id*.) Safeco initially accepted coverage of the claim on October 16, 2023, but reversed its decision and denied coverage on the very next day. (*See id.* (citing Wathen Decl. (Dkt. # 31) ¶¶ 8-9, Exs. A-B (October 16 and 17, 2023 letters from Safeco)).) After Plaintiffs retained counsel and served an Insurance Fair Conduct Act ("IFCA") notice on Safeco, Safeco again reversed its coverage position and agreed to accept coverage of the claim. (*See id.* (citing Wathen Decl. ¶ 10, Ex. C (November 14, 2023 letter from Safeco)).) Plaintiffs assert, however, that "Safeco has done essentially nothing to adjust and pay the claim" since it reversed its coverage position. (*See id.*)

Plaintiffs filed this action on December 11, 2023, in King County Superior Court, raising claims against Safeco for breach of contract, violation of the Washington Consumer Protection Act, insurance bad faith, and violation of IFCA. (*See* Compl. ¶¶ 3.1-6.5.) Safeco removed the action to this court on July 15, 2024, on the basis of diversity subject matter jurisdiction. (Not. of Removal (Dkt. # 1) at 3.)

During discovery, Plaintiffs served four requests for admission ("RFAs") on Safeco, to which Safeco responded as follows:

**REQUEST FOR ADMISSION NO. 1**:   Admit that the last written communication from Safeco to the Westerdals was dated December 26, 2023.

**RESPONSE**: Objection: Vague and ambiguous as what is meant by "written communication" and "to the Westerdals" in the context of a matter in litigation where the insured and insurer are represented by counsel. Without waiving its objections, denied.

**REQUEST FOR ADMISSION NO. 2**: Admit Safeco's investigation of the Westerdals claim remains open.

**RESPONSE**: Objection. Vague and ambiguous as to what is meant by "Safeco's investigation" and "Westerdals claim" in the context of a matter in litigation.

**REQUEST FOR ADMISSION NO. 3**: Admit that Safeco has not provided any written communication to the Westerdals between Jan 1, 2024 and July 1, 2024.

**RESPONSE**: Objection. Vague and ambiguous as what is meant by "written communication" and "to the Westerdals" in the context of a matter in litigation where the insured and insurer are represented by counsel. Without waiving its objections, denied.

**REQUEST FOR ADMISSION NO. 4**: Admit Safeco has not conducted any investigation of the Westerdals claims between Jan 1, 2024 and July 1, 2024.

**RESPONSE**: Vague and ambiguous as what is meant by "investigation" and "Westerdals claims" in the context of a matter in litigation where the insured and insurer are represented by counsel. Without waiving its objections, denied.

(Wathen Decl. ¶ 11, Ex. D.)

Counsel for the parties engaged in a discovery conference on July 10, 2025, during which counsel discussed Safeco's answers to the RFAs. (Syhre Decl. (Dkt. # 33) ¶ 2; Wathen Decl. ¶¶ 3-4.) Plaintiffs' counsel explained that he was trying to establish through Plaintiffs' RFAs that Safeco had not done anything with Plaintiffs' insurance claim since the inception of litigation, and offered Safeco's counsel an additional week to

1  review Safeco's answers.  (Syhre Decl. ¶ 2; Wathen Decl. ¶ 5.)  Safeco's counsel

2  ultimately concluded that no amendments to Safeco's answers were warranted.  (Syhre

3  Decl. ¶ 2.)

4        Counsel also discussed Safeco's production of Plaintiffs' claim file.  (Wathen

5  Decl. ¶ 6.)  Safeco's counsel informed Plaintiffs' counsel that Safeco had provided him

6  an updated version of Plaintiffs' claim file and would produce anything new that was

7  responsive after privilege review.  (*Id.*; Syhre Decl. ¶ 2.)  Plaintiffs' counsel agreed to

8  provide Safeco an additional week to produce the file.  (Wathen Decl. ¶ 6.)

9        On July 14, 2025, Safeco's counsel informed Plaintiffs' counsel that Safeco was

10  "working on an updated file production[.]"  (Syhre Decl. ¶ 3[1] & Ex. A.)  When Safeco

11  did not produce the updated claim file by July 18, 2025—one week and a day after the

12  discovery conference—Plaintiffs filed the instant motion.  (*See* Mot.)  Safeco produced

13  the updated claim file on July 24, 2025.  (Syhre Decl. ¶ 4.)  Plaintiffs' motion is now

14  fully briefed and ripe for decision.

### III.   ANALYSIS

**A.   Preliminary Matters**

      The court begins by addressing two preliminary matters.  First, Safeco asks the court to deny Plaintiffs' motion to compel outright because Plaintiffs violated the court's scheduling order by failing to request a conference before filing their motion.  (Resp. at 3 (citing Sched. Order (Dkt. # 14) at 2).)  The court denies Safeco's request.  The court will

---

[1] This citation refers to the first of two paragraphs labeled "3" in Mr. Syhre's declaration.

forgive Plaintiffs' failure to request a conference before filing their motion to compel on this one occasion. The parties are, however, placed on notice that the court will strike any future discovery motions that they file without first contacting the court.

Second, although Plaintiffs moved to compel Safeco to produce their complete claim file (*see* Mot. at 8), Safeco produced the complete claim file on July 24, 2025, after Plaintiffs filed their motion (*see* Syhre Decl. ¶ 4). Plaintiffs do not raise any concerns about the updated claim file production. (*See generally* Reply.) Accordingly, the court denies the portion of Plaintiffs' motion that seeks production of the claim file as moot, and addresses in this order only whether Plaintiffs are entitled to an award of attorneys' fees and expenses incurred as a result of Safeco's belated production of the file.

**B.    Requests for Admission**

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]" Fed. R. Civ. P. 37(a)(3)(B), and the court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response[,]" Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit. *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017); *see* Fed. R. Civ. P. 26(b)(1). The party that resists discovery, meanwhile, "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quotation omitted).

Federal Rule of Civil Procedure 36 governs RFAs. *See* Fed. R. Civ. P. 36. The purpose of RFAs "is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Thus, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a). If the answering party does not admit the truth of the matter, its "answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Furthermore, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If the answering party objects to an RFA, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). If the requesting party is not satisfied by the answering party's responses,

> [t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6). Because deeming a matter admitted is a "severe sanction[,]" "the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed[.]" *Asea*, 669 F.2d at 1247.

The court concludes that Safeco has sufficiently answered RFA Nos. 1, 3, and 4. In each case, Safeco reasonably objected that the request was vague and ambiguous now

that the matter has entered litigation but nevertheless offered an unambiguous denial. For example, RFA No. 1 asks Safeco to "admit that the last written communication from Safeco to the Westerdals was dated December 26, 2023." (Wathen Decl., Ex. D.) The court agrees with Safeco that the request is ambiguous because it is unclear whether the RFA refers only to written communications sent directly from Safeco to Plaintiffs or whether it also encompasses written communications from Safeco's counsel to Plaintiffs' counsel. (*See* Resp. at 2-3.) Furthermore, Safeco has unambiguously denied RFA No. 1 and supports its denial with evidence that it sent written communications to Plaintiffs' counsel in August and September 2024. (*See generally* Syhre Decl. ¶ 3,[2] Ex. B.) Safeco's objections and answers to Plaintiffs' RFA Nos. 3 and 4 follow the same pattern as its objection and answer to Plaintiffs' RFA No. 1. Accordingly, the court denies Plaintiffs' request to deem RFA Nos. 1, 3, and 4 admitted.

Safeco's answer to RFA No. 2, unlike its answers to RFA Nos. 1, 3, and 4, does not include an admission or denial. RFA No. 2 asks Safeco to "admit [its] investigation of the Westerdals [sic] claim remains open." (Wathen Decl., Ex. D.) Although Safeco objected that the request is "[v]ague and ambiguous as to what is meant by 'Safeco's investigation' and 'Westerdals claim' in the context of a matter in litigation[,]" *id.*, it now argues in its response to Plaintiffs' motion that it "could not offer a straightforward 'yes or no'" to RFA No. 2 because "the investigation is not moving forward because the Westerdal's [sic] counsel has not responded to attempts by the claims department to

---

[2] This citation refers to the second of two paragraphs labeled "3" in Mr. Syhre's declaration.

adjust the claim" (Resp. at 3 (citing Syhre Decl. ¶¶ 3-4 & Ex. B)). It also asserts that ambiguity about the term "investigation" precluded it from admitting or denying the request because "litigation and ordinary claims handling are occurring side by side." (Resp. at 4.) The court agrees with Safeco that the request is ambiguous because the scope of "Safeco's investigation" is unclear from the language of the RFA. Accordingly, the court also denies Plaintiffs' request to deem RFA No. 2 admitted.[3]

### C.      Attorneys' Fees and Expenses

Both parties seek an award of fees and expenses associated with Plaintiffs' motion. (Mot. at 8-9; Resp. at 5.) The court denies both parties' requests.

Under Rule 37(a)(5), if the court grants a motion to compel or if the requested discovery is provided after the moving party files its motion, the court must require the opposing party to pay the moving party its reasonable attorneys' fees and expenses unless (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If the court denies the motion to compel, however, it must require the moving party to pay the opposing party its reasonable attorneys' fees and expenses unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

---

[3] The court notes that the discovery deadline in this case does not expire until April 20, 2026. (*See* 2d Sched. Order (Dkt. # 29) at 1.) Thus, Plaintiffs are not foreclosed from serving a second set of RFAs that defines the ambiguous terms.

1  Here, Plaintiffs' motion yielded a mixed result:  Plaintiffs received the complete
2  claim file from Safeco after they filed their motion, but the court denied their motion to
3  deem their RFAs admitted.  Accordingly, because each party prevailed in part, the court
4  concludes that "other circumstances make an award of expenses unjust" and denies both
5  parties' requests for an award of attorneys' fees and expenses.

### IV.    CONCLUSION

For the foregoing reasons, the court DENIES in part and DENIES AS MOOT in part Plaintiffs' motion to compel discovery (Dkt. # 30).  Specifically, the court denies Plaintiffs' request to deem their RFAs admitted, concludes that Plaintiffs' motion to compel Safeco to produce its complete claim file is moot, and denies both parties' requests for an award of attorneys' fees and expenses.

Dated this 13th day of August, 2025.

JAMES L. ROBART
United States District Judge